### STATE v. H. R. (BLONDIE) CULBERSON.

(Filed 17 March, 1948.)

**1. Criminal Law § 81a—**

The discretionary denial of motions for continuance and for change of venue or for jury from another county is not reviewable in the absence of abuse of discretion.

**2. Criminal Law § 50d—**

The remark of the court, in excluding evidence of the violent character of deceased when under the influence of an intoxicant, that "there was no evidence of self-defense" cannot be held for error as an inhibited expression of opinion by the court when the statement is true at the time, particularly when the testimony is subsequently admitted.

**3. Homicide § 25—**

Expert testimony that deceased died "as a result of a bullet wound, injuring the spinal cord, causing paralysis, general decline and malnutrition until his death" is sufficient evidence that the bullet wound caused death notwithstanding the elapse of some five months between the injury and death.

**4. Criminal Law § 81c (2)—**

Where the charge of the court considered in its entirety substantially declares and explains the law arising upon the evidence exceptions thereto will not be sustained.

APPEAL by defendant from *Clement, J.,* at August Term, 1947, of DAVIE.

Criminal prosecution on indictment charging the defendant with the murder of one Calvin M. Spillman.

The record discloses that around midnight of 25 October, 1946, the defendant shot Calvin M. Spillman, known as Bo Spillman, with a rifle in his place of business, the Dixie Tavern, at Cooleemee, Davie County, which resulted in "injuring the spinal cord, causing paralysis, general decline and malnutrition" and finally death on 9 April, 1947.

The State's evidence tends to show that the defendant came from his home, diagonally across the street, with rifle in hand, and when he got to the front door of his place of business he raised his rifle and said, "Ain't I told you boys to stay out of here, . . . I will quiet this G— d— fussing," or "I'll learn you s.o.b.'s to quit fussing in here . . . or making a racket in my place," shot Bo Spillman who was standing near the counter, without any immediate provocation, and then struck Bob Hall over the head with his gun and knocked him down. Someone in the tavern had thrown a beer bottle through the front window, breaking the glass, shortly before the defendant appeared on the scene.

C. W. Jacobs testified that when the defendant came into the tavern, "We were in there pretty drunk, . . . Rob and Bo staggered about . . . both so drunk they couldn't hardly walk."

The defendant pleaded self-defense. He says that when he entered the front door of his place of business he asked what was going on in there, and "Bo Spillman advanced at me with his right hand in his pocket and I shot at his arm . . . Bo first observed me when I said, 'What the hell's going on here?' When Bo was advancing towards me he said, 'There's the s.o.b. we are looking for,' and put his hand in his pocket, then he made about two steps towards me and I shot him. He appeared to be drunk and angry." The defendant denied using the language attributed to him by the witnesses for the prosecution.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the Central Prison at Raleigh for a term of not less than 20 nor more than 25 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*T. R. Bryan, Jones, Bowers & Pritchard, and Woodson & Woodson for defendant.*

STACY, C. J.  We are here confronted with questions of venue, evidence, expression of opinion, and instructions to the jury.

When the case was called for trial the solicitor announced that he would not prosecute on the capital charge, but would seek a verdict of murder in the second degree or manslaughter as the evidence might disclose.

Before pleading to the indictment, the defendant moved for a continuance, and then for a change of venue or for a jury from another county to try the case.  Exception was duly entered to the denial of each motion.  As these motions were addressed to the sound discretion of the trial court, and no abuse of discretion is suggested—indeed expressly disavowed—the rulings thereon must be upheld.  This will be done *pro forma*.  *S. v. Lea,* 203 N. C., 13, 164 S. E., 737; *S. v. Godwin,* 216 N. C., 49, 3 S. E. (2d), 347.

The exceptions to the admission and exclusion of evidence are too attenuate to warrant discussion.  They present no new question of law or one not heretofore settled by the decisions.  There was no inhibited expression of opinion by the court in ruling on excluded testimony.  Even if evidence of the violent character of Bo Spillman, when under the influence of an intoxicant, was inadvertently excluded, because, up to that time, as stated by the court in announcing his ruling, "there was no evidence of self-defense," it is not perceived that any harmful effect resulted from the remark.  In the first place, it was true at the time; and, secondly, the witness was later allowed to answer the question.  *S. v. Cash,* 219 N. C., 818, 15 S. E. (2d), 277.

The defendant relies principally upon his challenge to the sufficiency of the evidence to sustain a conviction.  Dr. Kavanaugh, who attended the deceased from shortly after the shooting until his death, gave it as his opinion "that he died as a result of a bullet wound, injuring the spinal cord, causing paralysis, general decline and malnutrition until his death."  The inference seems permissible, therefore, that the deceased died as a result of a bullet from the defendant's rifle intentionally fired by him.  This made it a matter for the twelve.  *S. v. Childress, ante,* 208; *S. v. Hambright,* 111 N. C., 707, 16 S. E., 411; *S. v. Everett,* 194 N. C., 442, 140 S. E., 22.  The jury rejected the defendant's plea of self-defense, which was mildly supported by the defendant and strongly contradicted by the prosecution.  *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193.

Numerous exceptions are taken to the charge, but a careful perusal of it in its entirety leaves us with the impression that it substantially declares and explains the law arising upon the evidence and that no reversible error has been pointed out.  It would only be "threshing over

old straw" to consider the exceptions *seriatim*. However, none has been overlooked; they have all been considered.

The verdict and judgment will be upheld.

No error.