STATE v. JOHN HENRY HEWETT.

(Filed 24 May, 1967.)

**1. Appeal and Error § 2—**

The Supreme Court may exercise its constitutional supervisory jurisdiction to clarify an important question of practice, even though the question is not properly presented by exception duly entered and an assignment of error properly set out.

**2. Criminal Law § 135—**

Probation or suspension of sentence is not a right granted by either the Federal or State Constitutions, but is a matter of grace conferred by statute in this State. G.S. 15-197.

**3. Same—**

Probation relates to judicial action before imprisonment, while parole relates to executive action after imprisonment.

**4. Criminal Law § 136—**

A proceeding to revoke probation is not a criminal prosecution but is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered, and while notice in writing to defendant and an opportunity for him to be heard are necessary, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had without lawful excuse wilfully violated a valid condition of probation.

**5. Same; Constitutional Law § 32—**

A defendant has no constitutional right to be represented by counsel at a hearing to determine whether his probation should be revoked for his wilful violation of a lawful condition of probation, and G.S. 15-4.1 is not applicable.

**6. Criminal Law § 154—**

An exception which appears nowhere except under the assignments of error is ineffectual.

**7. Criminal Law § 136—**

Where the record discloses that a bill of particulars setting forth defendant's alleged violation of condition of probation was duly served upon defendant, and that order revoking probation was not entered until the hearing after notice some four days thereafter, no abuse of discretion is shown in the refusal by the court of defendant's motion for continuance.

**8. Same—**

Defendant was put on probation on condition that he not engage in injurious and vicious habits. Upon the hearing to revoke probation there was plenary competent evidence that on repeated occasions defendant had threatened law enforcement officers and had wilfully engaged in assaults upon specified persons, etc. *Held:* The evidence supports the court's finding that defendant had engaged in injurious or vicious habits in violation of the terms of probation and such finding supports the court's judgment revoking defendant's probation.

**9. Same—**

In determining whether the evidence warrants revocation of probation, the credibility of the witnesses and the evaluation and weight of their testimony are for the judge, and, if there is competent evidence in the record to support the court's finding of violation of condition of probation, the fact that the court also admitted incompetent hearsay evidence is not fatal, the crucial findings being supported by competent evidence.

**10. Criminal Law § 164—**

Where sentences of defendant are made to run concurrently, any error relating to the shorter sentence alone cannot be prejudicial.

APPEAL by defendant from *Carr, J.,* November 1966 Criminal Session of COLUMBUS.

At the September 1964 Session of Columbus County Superior Court, defendant, who was represented by his court-appointed attorney J. B. Lee, Jr., an able and experienced member of the Columbus County Bar, entered pleas of guilty to two indictments, Nos. 259-E and 260-E on the docket, each indictment charging the defendant with a felonious breaking and entry into a store building and larceny. At the same time, defendant, who was represented by his court-appointed attorney J. B. Lee, Jr., entered pleas of guilty to an escape from jail as charged in docket No. 229-G, and injury to a building as charged in docket No. 262-E.

The judgment of the court upon the pleas of guilty to the two indictments charging a felonious breaking and entry and larceny was imprisonment for a term of not less than five years nor more than seven years. The judgment of the court upon the pleas of guilty upon an escape from prison and injury to a building was imprisonment for six months "to take effect at a time and as further ordered by the court." Pursuant to the provisions of G.S. 15-197 *et seq.,* the court suspended the execution of the prison sentences and placed defendant on probation for a period of five years on certain conditions of probation. Among the conditions of probation, it was ordered by the court in the judgment that the defendant shall "avoid injurious or vicious habits."

At the November 1966 Criminal Session of Columbus County Superior Court, this criminal proceeding came on to be heard upon a written verified report by Edmond O. Wall, a State probation officer, alleging a violation of a condition of defendant's probation, to wit, that he had not avoided injurious or vicious habits. A bill of particulars alleging a violation by defendant of the condition to "avoid injurious or vicious habits" had been duly served on defendant prior to the hearing, as provided by G.S. 15-200.1. Defendant, at the beginning of the hearing before Judge Carr, requested Judge Carr to appoint counsel to appear for him, and Judge Carr denied

his request. Defendant did not except. After hearing the evidence in the case presented by the State and the testimony of defendant, Judge Carr entered an order finding as a fact that the defendant had willfully violated a condition of the probation judgment, in that he had engaged in injurious and vicious habits, and found with particularity that he had engaged in six series or acts of injurious and vicious habits. Based upon his findings of fact, he ordered in his discretion that the probation be revoked and the prison sentences be put into immediate effect. At the end of his order appears the following language: "That this probationer was in Dorothea Dix Hospital twice in 1965 because of emotional instability as appears from above findings of fact. By reason of this fact the court recommends that he be closely observed in prison and given such attention, because of his tendency to become emotionally disturbed, as the circumstances require."

Defendant appealed from the order entered by Judge Carr. Judge Carr entered an order finding that defendant is an indigent and appointing J. Wilton Hunt, a member of the Columbus County Bar, to represent the defendant on appeal. Later, Bailey, Judge presiding, entered the following orders: (1) An order allowing defendant to give a bail bond in the sum of $7,500 pending the outcome of his appeal; (2) an order discharging J. Wilton Hunt as defendant's attorney for the reason that there was a conflict of interest; (3) an order appointing J. B. Lee, Jr., to represent the defendant and to perfect his appeal; and (4) an order that Columbus County at its expense furnish a transcript of the record and evidence to defendant's counsel, and that the record and brief of counsel on appeal should be mimeographed. Mr. Lee is the same lawyer who represented defendant at the September 1964 Session of Columbus County Superior Court.

Attorney General T. W. Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.

J. B. Lee, Jr., for defendant appellant.

PARKER, C.J. Defendant through his counsel, Mr. Lee, assigns as error that Judge Carr failed to appoint counsel to represent defendant, an indigent, at the hearing before him, though the defendant had requested counsel, and that his failure to do so was a flagrant abuse of discretion. This assignment of error is overruled.

Ordinarily, the Supreme Court will not consider questions not properly presented by objections duly made, exceptions duly entered, and assignments of error properly set out, though it may do so in exceptional circumstances in the exercise of its supervisory and

controlling jurisdiction over the proceedings of the other courts vested in it by Article IV, section 10(1), of the North Carolina Constitution. To clarify an important question of practice frequently arising in the trial courts of this State, this Court, by virtue of the constitutional supervisory and controlling power vested in it over the other courts, deems it appropriate to consider defendant's assignment of error, as if an exception had been noted in apt time by defendant. *In re Renfrow,* 247 N.C. 55, 100 S.E. 2d 315; 1 Strong's N. C. Index, Appeal and Error, §§ 2, 19, and Supplement thereto.

A person convicted of crime is not given a right to probation by the United States Constitution. *Burns v. United States,* 287 U.S. 216, 77 L. Ed. 266 (1932); *Escoe v. Zerbst,* 295 U.S. 490, 79 L. Ed. 1566 (1935); *Brown v. Warden, U. S. Penitentiary,* 351 F. 2d 564 (7th Cir. 1965); *Welsh v. United States,* 348 F. 2d 885 (6th Cir. 1965); *Gillespie v. Hunter,* 159 F. 2d 410 (10th Cir. 1947); *Jones v. Rivers,* 338 F. 2d 862 (4th Cir. 1964); *Bennett v. United States,* 158 F. 2d 412 (8th Cir. 1946); *Shum v. Fogliani,* ..... Nev. .... , 413 P. 2d 495 (1966).

Probation or suspension of sentence comes as an act of grace to one convicted of crime. *Escoe v. Zerbst, supra.* The rights of an offender in a proceeding to revoke his conditional liberty under probation are not coextensive with the Federal constitutional rights of one on trial in a criminal prosecution. *Hyser v. Reed,* 115 U.S. App. D. C. 254, 318 F. 2d 225 (1963); *Richardson v. Markley,* 339 F. 2d 967 (7th Cir. 1965); *Brown v. Warden, U. S. Penitentiary, supra; Jones v. Rivers, supra.*

In *Welsh v. United States, supra,* defendant pleaded guilty to various Federal offenses. He was not sentenced at the time the pleas were entered. Later, he appeared in court in person and by counsel, at which time imposition of sentences was suspended and he was placed on probation for a period of five years in each case. At a later hearing probation was revoked and the sentences were imposed. On 5 June 1964 defendant filed a motion to vacate the sentences, the district judge denied the motion without a hearing, and an appeal followed. The court said in part:

> "Petitioner also contends that he was deprived of his constitutional right to assistance of counsel at the hearing when probation was revoked. In addition to the fact that petitioner made no request for counsel at that hearing, the constitutional right to the assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. *Bennett v. United States,* 158 F. 2d 412, 415, C.A. 8th, *cert. denied,* 331 U.S. 822,

67 S. Ct. 1302, 91 L. Ed. 1838; *Gillespie v. Hunter,* 159 F. 2d 410, 411, C.A. 10th; *United States v. Huggins,* 184 F. 2d 866, 868, C.A. 7th; *Crowe v. United States,* 175 F. 2d 799, 801, C.A. 4th, *cert. denied* 338 U.S. 950, 70 S. Ct. 478, 94 L. Ed. 586, *rehearing denied,* 339 U.S. 916, 70 S. Ct. 559, 94 L. Ed. 1341; *Richardson v. United States,* 199 F. 2d 333, 335, C.A. 10th; *Cupp v. Byington,* 179 F. Supp. 669, 670, S.D. Ind. See: *Gilpin v. United States,* 265 F. 2d 203, and cases cited at p. 204, C.A. 6th; *Barker v. State of Ohio,* 330 F. 2d 594, and cases cited, C.A. 6th.

"Judgment affirmed."

To the same effect *Jones v. Rivers, supra.*

A person convicted of crime is not given a right to probation under the North Carolina Constitution. G.S. 15-197 provides in relevant part: "After conviction or plea of guilty or *nolo contendere* for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction may suspend the imposition or the execution of a sentence and place the defendant on probation. . . ." Probation relates to judicial action taken before the prison door is closed, whereas parole relates to executive action taken after the door has closed on a convict. G.S. 15-199 provides, among other things, that as a condition of probation the probationer shall "avoid injurious or vicious habits." G.S. 15-200.1 provides in relevant part: Upon its findings of fact that a valid condition of probation was wilfully violated, the Superior Court shall enforce the judgment of the lower court, with an exception not pertinent here. Whether defendant has violated valid conditions of probation is not an issue of fact for a jury, but is a question of fact for the judge to be determined in the exercise of his sound discretion. *S. v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376.

When a person accused of crime has been tried, defended, sentenced, and, if he desires, has exhausted his rights of appeal, the period of contentious litigation is over. Although revocation of probation results in the deprivation of a probationer's liberty, the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty. The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence, but to the truth of the accusation of a violation of probation. The crucial question is: Has the probationer abused the privilege of grace extended to him by the court? When a sentence of imprisonment in a criminal case is suspended upon certain valid conditions expressed in a probation judgment, defendant has a right to rely upon such conditions, and as long as he complies therewith the

suspension must stand. In such a case, defendant carries the keys to his freedom in his willingness to comply with the court's sentence.

A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary. The courts of this State recognize the principle that a defendant on probation or a defendant under a suspended sentence, before any sentence of imprisonment is put into effect and activated, shall be given notice in writing of the hearing in apt time and an opportunity to be heard. *S. v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53, and cases cited. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. *S. v. Robinson, supra; S. v. Morton*, 252 N.C. 482, 114 S.E. 2d 115; *S. v. Brown*, 253 N.C. 195, 116 S.E. 2d 349; Supplement to 1 Strong's N. C. Index, Criminal Law, § 136.

All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and "is directed by the reason and conscience of the judge to a just result." *S. v. Duncan, supra; Langnes v. Green*, 282 U.S. 531, 541, 75 L. Ed. 520, 526; *S. v. Robinson, supra; S. v. Morton, supra; S. v. Brown, supra.*

G.S. 15-4.1 is not applicable, for the simple fact that it applies to the appointment of counsel for indigent defendants in criminal trials. It does not apply to the appointment of counsel for indigent defendants in a proceeding to revoke probation.

Decisions concerned with the constitutional right to counsel of an accused at various stages of criminal prosecutions are not controlling. *Cf. Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799.

We do not find in the United States Constitution or in the North Carolina Constitution any constitutional right to counsel for a defendant in a proceeding to revoke probation. We find no statute in this State giving a defendant the right to counsel in such a proceeding. The difference between hearings as to whether probation shall be revoked and criminal trials is so great that procedural requirements in criminal trials, such as the right to counsel, ought not to be imposed in absolute terms in hearings to revoke probation. A possible extension to hearings upon whether probation should be revoked of an absolute and universal requirement of counsel at every such

hearing ought not to be taken without a legislative determination of the impact of such a requirement on the probation system.

This is said in 24 C.J.S., Criminal Law 1618(11) d (d), p. 917, in respect to representation by counsel in a hearing to revoke probation: "It is not required that the probationer be represented by counsel at the hearing, or that he be informed that he had a right to counsel, although under some statutes he is entitled to be represented by counsel." A number of cases are cited in support of the text. In accord: *State v. Edge,* 96 Ariz. 302, 394 P. 2d 418; *People v. Wimberly,* 215 C.A. 2d 538, 30 Cal. Rptr. 421; *Shum v. Fogliani, supra; Kennedy v. Maxwell,* 176 Ohio St. 215, 198 N.E. 2d 658.

Defendant assigns as error that there was an abuse of discretion on the part of Judge Carr in failing to continue the hearing of the proceeding to revoke probation. This assignment of error has no exception to support it, except under the assignment of error. This Court has repeatedly held that an exception which appears no where in the record, except under the assignment of error, is ineffectual, since an assignment of error must be supported by an exception duly noted. However, an examination of the record before us shows that the order revoking probation recites in substance that a bill of particulars setting forth the alleged violation of the condition of probation was duly served on the defendant on 28 November 1966, and the order revoking probation was entered on 2 December 1966. The motion for continuance was addressed to the sound discretion of Judge Carr, and no abuse of discretion is shown and the ruling will be upheld. *S. v. Culberson,* 228 N.C. 615, 46 S.E. 2d 647; *S. v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666.

Defendant assigns as error that there is no competent evidence to support the judge's findings of fact; that the facts found by the judge do not support the judgment; and that errors of law appear on the face of the record.

Judge Carr found as a fact in his order revoking probation that defendant has willfully violated the conditions of the probation judgment by engaging in injurious and vicious habits as follows:

(1) "Threats to law enforcement officers: Once to Police Chief Freeman if he stuck his head in the police car where subject was sitting; once to the mother of Policeman Harold Fipps that he (the probationer) was going 'to get' Fipps; and a pattern of hostility to law enforcement officers in general." Police Chief Freeman testified in substance, except when quoted. Since defendant has been on probation, one Sunday night he walked up to the police car where Officers Heye and Fipps had defendant. "As I walked up he made a statement to Chief Heye that if I stuck my head in the car he would cut it off." The finding of fact that probationer said to the mother

of Policeman Harold Fipps that he was going "to get" Fipps is based on hearsay, and has no competent evidence in the record to support it. There is plenary competent evidence from Policemen Heye, Joyner, Fipps, and Freeman to support the finding that probationer has exhibited a pattern of hostility to law enforcement officers in general. It is also supported by defendant's testimony: "I did threaten to hit Harold Fipps [an officer] in the mouth. On the night they picked me up for cutting Brown, I was trying to get on Rudolph Norris, the officer. He has done something to me. It is a long story. He had not done anything to me on that night. He walked in and asked me what they had me for. It kind of made me mad and I was already mad to start with. The reason I jumped on him was because I was mad."

(2) The court found as a fact that defendant has willfully violated the terms of probation by engaging in injurious and vicious habits by committing assaults upon persons, to wit, by slapping on the street a salesman from Charlotte, by drawing a knife and cutting Terry Brown on the finger, and by throwing a bottle at a passing car. These findings of fact find support in the testimony of defendant as follows: "Yes, I work for Mrs. Ward part time. I did not slap her down. I slapped her across the face and she slapped me. I was not drunk. I was about to have a nervous breakdown. I do not remember that she told me to go home because I had had too much to drink. I did walk right out of the store and slap a man I had never seen before. He had not done anything to me." This finding of fact also is supported by the testimony of Policeman Joyner as follows: "I was present when he [defendant] had his altercation with this Negro in Chadbourn. I came on the scene and John Henry and Terry Brown were having words or swinging at each other. Officer Heye was with me. John Henry and this Negro were standing on the street. John Henry had his pocketknife in his hand. I didn't actually see a blow or who did the cutting or how the colored gentleman was cut. One of his fingers was cut and bleeding." There is no evidence but hearsay in the record that defendant threw a bottle at a passing car. However, defendant testified in substance that he got into an altercation with people in a car from South Carolina and, one of them threw a bottle and hit him on the arm and bruised it badly, and then he went and got a bottle and threw it at him, but, he contends that he acted in self-defense.

Among its other findings of fact the court found that probationer had engaged in injurious and vicious habits. This finding finds support in the testimony of Officer Joyner, who testified: "I see John Henry about seven days a week. . . . And numerous times I have

seen him when in my opinion he had been drinking some kind of alcoholic (sic) or either on drugs. I couldn't tell. This has been since he was put on probation in '64." This finding also finds support in the testimony of Officers Fipps as follows: "He [probationer] is a dangerous man when he is drinking. He is a big man." This finding of fact finds support in the testimony of Officer Heye, who testified as follows: "I was there when he was tried in Justice of Peace Wilson's court last year. It would be hard to describe what happened. He was tried for assaulting H. L. Buffkin. When one witness in particular testified John Henry interrupted the trial by telling the witness that it wasn't so. They became argumentative and next thing I knew we had to remove John from the courtroom. . . . During the same month he was brought back for a hearing. At the time I was referring to Attorney Wilton Hunt was there. I do not know whether he attempted to slug Attorney Hunt, but there was a lot of fist swinging. . . . This was the case of the peace warrant and the assault with a pocketknife on H. L. Buffkin. . . . The altercation was not between he (the defendant) and Buffkin. It was with the witness Shelton Wade Anderson who was testifying for Buffkin. John made a statement to Shelton Wade and they became argumentative. Shelton Wade Anderson is known as Snuffy Anderson. When they became argumentative they soon came to blows. . . . There was one blow after the other and John Henry was calmed down and ordered to be taken out of the courtroom."

Some of Judge Carr's findings of fact are based on hearsay evidence, and should not have been considered by the judge. However, there is enough competent evidence in the record to support the judge's crucial findings of fact that the defendant has willfully failed to avoid injurious or vicious habits as found by him with particularity as above set out, and these crucial findings of fact support the judgment revoking probation and putting the prison sentences into effect.

In determining whether the evidence warrants the revocation of probation or a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony are for the judge. S. v. Robinson, supra. There is competent evidence in the record such as to reasonably satisfy the judge in the exercise of his sound discretion that probationer has violated a valid condition upon which his sentences were suspended. The condition that he avoid injurious or vicious habits is a valid condition of probation, G.S. 15-199, and no abuse of discretion on Judge Carr's part is shown in revoking the probation judgment and putting the prison sentences into effect.

Competent evidence in the record is plenary that defendant, particularly when drinking or taking drugs, engages in injurious and vicious habits, is dangerous, and when in such condition is hostile to police officers who attempt to restrain him. The original sentence, when defendant was put on probation, on the misdemeanor charges was six months in prison "to take effect at a time and as further ordered by the court." This seems irregular, but defendant has suffered no prejudicial harm by the order revoking probation and putting the sentences of imprisonment into effect, because that sentence of six months imprisonment is to run concurrently with the sentence of imprisonment for not less than five years nor more than seven years upon his pleas of guilty to the felony indictments.

No error of law appears on the face of the record proper. The order of the lower court is

Affirmed.