State v. Pigg

---

STATE OF NORTH CAROLINA v. EDDIE MICHAEL PIGG

No. 7126SC766

(Filed 29 December 1971)

1. Criminal Law § 145.1— probation — act of grace
    Probation or suspension of sentence is not a right granted either by the U. S. Constitution or the N. C. Constitution, but is an act of grace to one convicted of a crime.

2. Criminal Law § 138— sentencing — recommendation of probation officer
    Probation officer who had conducted a pre-sentence investigation in accordance with G.S. 15-198 was properly allowed to give his recommendation that defendant not be placed on probation.

APPEAL by defendant from *Martin, Harry C., Judge,* 27 September 1971 Criminal Session of MECKLENBURG Superior Court.

Defendant, Eddie Michael Pigg, was charged under separate bills of indictment with possession of more than one gram of marijuana, and with felonious breaking and entering and larceny. Defendant entered pleas of nolo contendere to all counts, was sentenced to 6-8 years in prison, and appealed from the entry of the judgment.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Plumides and Plumides, by John C. Plumides, for defendant appellant.*

MORRIS, Judge.

It is clear from the transcripts of plea and adjudications contained in the record that defendant freely, understandingly, and voluntarily entered his pleas without undue influence, compulsion, duress, or promise of leniency.

[1, 2] Defendant's sole assignment of error excepts to the opinion, given by the probation officer prior to sentencing, recommending that defendant not be placed on probation. In accordance with G.S. 15-198 a full investigation was made by a probation officer concerning defendant's criminal record, moral character, standing in the community, habits, occupation, social life, responsibilities, education, mental and physical health, the specific charge against him, and other matters pertinent to a proper judgment. See *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962). In his testimony before the court, the probation officer concluded that "in view of the previous circumstances I would have no alternative to recommend that he would be rather a poor risk for probation." The defendant was present in the courtroom, was represented by counsel, and was offered an opportunity to cross-examine the probation officer but declined. Presumably based upon the probation officer's pre-sentence report, the court imposed an active sentence. Probation or suspension of sentence is not a right granted either by the Constitution of the United States or of the Constitution of this State, but is an act of grace to one convicted of a crime. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967). "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope, supra,* at p. 335. We conclude that defendant was afforded every opportunity to rebut the probation officer's testimony and to introduce any relevant facts in mitigation. Defendant has not met the burden of proving the denial

of some substantial right, and the sentencing procedure was free from error.

No error.

Judges CAMPBELL and PARKER concur.