STATE OF NORTH CAROLINA v. JAMES A. STONE, JR.

No. 7411SC632

(Filed 16 October 1974)

Criminal Law § 145.1— revocation of probation

The evidence supported findings by the court that defendant violated conditions of his probation by violating his curfew, by taking an overdose of drugs contrary to the condition that he avoid injurious or vicious habits, and by being in arrears in payment of a fine and court costs.

APPEAL by defendant from *Hobgood, Judge,* 25 March 1974 Session, LEE County Superior Court. Heard in the Court of Appeals 23 September 1974.

At the 28 July 1972 Session of the Superior Court of Lee County, the defendant entered a plea of guilty to the crime of nonfelonious breaking and entering and nonfelonious larceny (two counts). He was sentenced to a term of two years, which sentence was suspended, and the defendant was placed on probation for a period of three years subject to certain conditions of probation as set out in the probation judgment including the following conditions:

1. "Not to be on the streets or any public place after the hours of 12:30 a.m. any night during his term of probation."

2. "Pay a fine of $250 and Cost in the amt. of $120 at a rate of $35 per month, with the first payment coming due on the last day of August. $35 payments will follow on the last day of each month until Cost and Fine are paid in full."

3. "Avoid injurious or vicious habits."

On 28 January 1974, defendant's probation officer served a bill of particulars on him charging him with violation of the conditions of his probation in three particulars: (1) He violated the curfew by being found in the hospital in Rockingham, North Carolina, at 1:30 a.m. on 21 January 1974. (2) He was believed to have taken an overdose of drugs on 20 January, 1974, which was a violation of the condition that he avoid injurious or vicious habits. (3) He had not kept up his payments on his fine and court costs and was $100 in arrears. A hearing was held on 4 February 1974, and then was continued until 26 March 1974, at which time the hearing was completed. On the morning of 26 March 1974, the defendant paid the entire balance due on his fine and court costs in the amount of $142.00.

Judge Hobgood found that the defendant wilfully and without lawful excuse, being able-bodied and with financial ability to comply, had violated the terms and conditions of the probation judgment with respect to all three of the conditions reported by the probation officer. Thereupon, Judge Hobgood placed the suspended sentence into effect, and the defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Eugene A. Smith for the State.*

*O. Tracy Parks III for defendant appellant.*

CAMPBELL, Judge.

The defendant asserts that there was insufficient evidence to support the findings of fact made by the judge and that the judge abused his discretion and that the judgment was arbitrary.

As stated by Parker, Chief Justice, for the Court, in *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476, 479-80 (1967):

"A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary. The

courts of this State recognize the principle that a defend-ant on probation or a defendant under a suspended sen-tence, before any sentence of imprisonment is put into effect and activated, shall be given notice in writing of the hear-ing in apt time and an opportunity to be heard. . . . Upon a hearing of this character, the court is not bound by· strict rules of evidence, and the alleged violation of a valid condi-tion of probation need not be proven beyond a reasonable doubt."

We have reviewed the record in this case and are of the opinion that the evidence heard and considered by Judge Hob-good are sufficient to support his findings and conclusion and that there was no abuse of his discretion or any arbitrary con-duct on his part. On the contrary, the record discloses that the court and probation officers endeavored to rehabilitate the defendant and that the suspended sentence was placed into effect only after all other efforts had failed.

Affirmed.

Judges BRITT and VAUGHN concur.