State v. Blevins

_____

STATE OF NORTH CAROLINA v. CHARLES OLLIS BLEVINS

No. 8128SC217

(Filed 6 October 1981)

**Criminal Law § 143.7— suspended sentence—failure to comply with conditions— findings supported by evidence**

There was no abuse of discretion or arbitrariness in the trial court's conclusion that defendant willfully violated the conditions of his suspended sentence as there was certainty in the conditions of the judgment requiring him to pay $100 monthly in restitution, defendant had failed to pay $100 since his initial payment, defendant's evidence did not rebut the court's finding that

defendant had been able to control his health problems and been able to work, and defendant had been gainfully employed since 1979.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 25 September 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 3 September 1980.

In 1978, defendant was indicted on a charge of obtaining property by false pretenses, and in 1979, he was convicted on that charge. With defendant's consent, the sentence of five years' imprisonment was suspended for a period of three years on condition that he

pay into the office of the Clerk of Superior Court of Buncombe County the sum of $1,031.06 for the use and benefit of . . . [the victim of the crime], to be paid monthly on or before the 10th day of each month until paid in full, first payment on or before May 10, 1979. Pay the costs of this action, and pay $100 today toward the costs and the balance to be paid later.

On 19 June 1980, the district attorney in Buncombe County filed a motion alleging defendant's failure to comply with the conditions of his suspended sentence and requesting that an arrest order be issued immediately and that defendant's suspended sentence be placed into effect. Defendant was arrested, and after admitting the payment of only $100 since judgment, defendant requested, and the court held, a hearing on the State's motion.

The pertinent evidence at the hearing came from testimony by the defendant. Defendant testified that in 1972 and 1975 he had health problems which persisted. While he had done some construction jobs to support his wife, his daughter, and himself, defendant had completed several jobs for which he had received no compensation. Upon examination by the court, defendant stated that he had been partially able to control his health problems as an outpatient and that, because of his health, he had chosen not to work on a regular basis. Defendant denied that he willfully failed to pay restitution under the judgment.

The court entered a judgment finding that defendant had willfully failed to comply with the 1979 judgment and placing into effect the suspended sentence. The court recommended that defendant be granted immediate work release on condition that

he make restitution to the victim of his crime of false pretense. From this judgment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*J. Robert Hufstader, Public Defender, for defendant-appellant.*

HILL, Judge.

The suspension of a prison sentence comes as an act of grace to one who is convicted of a crime. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967). When an inquiry is made into a defendant's compliance with the terms of his suspended sentence, the question presented is whether the defendant has abused the privilege of grace extended to him by the court. *Id.* In *Hewett* the Supreme Court described the nature of hearings reviewing compliance with the conditions of a suspended sentence:

> All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action.

*Id.* at 353, 154 S.E. 2d at 480.

Applying the foregoing principles to the case *sub judice,* we can find no abuse of discretion or arbitrariness in the trial court's finding that defendant willfully violated the conditions of his suspended sentence. Defendant argues error in several findings of the court, but his arguments contain no merit.

First, defendant assigns as error the trial court's finding that he had willfully failed to comply with the 1979 judgment ordering restitution. He contends that the conditions of the judgment lacked required certainty as to the amounts he was to pay monthly. We agree with defendant that a criminal judgment must be sufficiently specific to allow enforcement ministerially by its very directions. *State v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440 (1939). We

disagree with defendant, however, in his contention that this judgment failed the test of certainty.

The pertinent portion of the trial court's judgment, quoted above, clearly directed defendant to pay $100 on the day of the judgment and to make monthly payments thereafter. Judge Kirby, in reviewing defendant's compliance with those conditions, reasonably construed the judgment to mean that defendant's monthly payments were to be $100. The facts showed, and the trial court found, that defendant had paid nothing since the initial $100 payment. Defendant had made no attempt to comply with the terms of the suspended sentence, and he had made no attempt to clarify any misunderstanding he might have had concerning the conditions of the suspension.

Defendant next assigns as error the trial court's finding that defendant had been able to control his health problems, had been able to work since 1975, and was able-bodied. In *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974), this Court noted that, if a defendant in this situation wishes to rely upon his inability to make the payments required by the terms of his suspended sentence, he should offer evidence of that inability for the trial court's consideration. The trial court, of course, may believe him or not. *Id.* In the record before us, we find ample evidence to support the findings of fact of which defendant complains. Defendant testified that since 1975, three years before his indictment, he had "been able to control . . . [his] health through diet and proper treatment." Defendant testified that he had worked on several projects since 1975, and he offered no evidence which showed that his work was hampered by his health, that he had been advised by doctors not to work, or that his health had suffered because of the work he had done.

Defendant also assigns as error the trial court's finding that he had been gainfully employed since 1979. Again, it is apparent that these findings are fully supported by the evidence and that the trial court did not abuse its discretion in so finding. Defendant testified that he had been able to do work, that he had performed various jobs since 1979, that he was able to collect a few odd jobs, and that he could do cabinet work and other construction work.

S. F. McCotter & Sons v. O.H.A. Industries

Defendant's final assignments of error are all dependent upon his success in arguing the preceding three arguments. Since these assignments of error contain no merit, we find no need to discuss them.

Affirmed.

Judges HEDRICK and WHICHARD concur.