An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1256
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

    v.

WILLIAM LEVI GILL

Buncombe County
Nos. 12 CRS 50549-50

Appeal by Defendant from judgment entered 18 July 2013 by Judge Richard L. Doughton in Buncombe County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Adam M. Shestak, for the State.*

> *Wait Law, P.L.L.C., by Kerri L. Sigler, for Defendant.*

STEPHENS, Judge.

Defendant William Levi Gill appeals from a judgment entered upon revocation of probation and activation of his suspended sentence. We affirm.

On 22 May 2012, Defendant pled guilty to possession with intent to sell and deliver marijuana and maintaining a dwelling used for keeping and selling a controlled substance. The trial

court sentenced Defendant to 6 to 17 months imprisonment, suspended the sentence, and placed him on supervised probation for 24 months.

On 5 March 2013, Defendant's probation officer filed a report alleging that Defendant had violated his probation by: (1) failing to make required monetary payments, (2) failing to pay his supervision fee, and (3) being "convicted of: reckless driving to endanger – 12CR702190[.]" The trial court held a probation violation hearing on 18 July 2013. Defendant, through counsel, "denie[d] the willfulness of the money [sic] but admit[ted] the new conviction." When the court asked if Defendant admitted the three alleged violations, Defendant's counsel stated that Defendant willfully violated, "3, but not 1 and 2." The probation officer testified that Defendant had not paid on his monetary obligations. Defendant testified that he "got in a collision with another vehicle" and received a ticket for reckless driving. Defendant informed the court, "I've done everything for probation that I've been asked except for the reckless driving." By judgment entered 18 July 2013, the trial court found Defendant willfully violated the terms and conditions of his probation, revoked Defendant's probation, and activated Defendant's original sentence. Defendant appeals.

Defendant contends the trial court erred when it revoked his probation and activated his original sentence. We disagree.

At a probation violation hearing, the evidence need only "reasonably satisfy the [trial court] in the exercise of [its] sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). Defendant advances arguments that his failure to comply with the monetary conditions of his probation was not willful. However, those alleged violations could not serve as grounds to revoke Defendant's probation under the circumstances presented here. Under the Justice Reinvestment Act ("JRA"), probation is subject to revocation only when a probationer "[c]ommit[s] [a] criminal offense[,]" "abscond[s] by willfully avoiding supervision[,]" or has been subject to two prior periods of "Confinement in Response to Violation." *See* N.C. Gen. Stat. § 15A-1344(a) (2013) ("The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2)."). Thus, we need not consider Defendant's assertions of error in the court's findings of fact as to those

violations.

Regarding his reckless driving conviction, which did subject him to revocation of probation under the JRA, *see id.*, Defendant argues that no competent evidence supported the finding of this willful violation.  However, Defendant, through counsel, twice admitted violating the conditions of his probation by being convicted of reckless driving to endanger.  More importantly, Defendant personally admitted that he was convicted of reckless driving and offered no excuse or lack of willfulness for committing the criminal offense.  This was competent evidence to support the court's finding that Defendant willfully committed a criminal offense in violation of his probation.

Defendant also argues that the trial court did not make sufficient findings of fact to support its judgment revoking his probation.  We are not persuaded.

In its written judgment, using form AOC-CR-607, entitled "JUDGMENT AND COMMITMENT UPON REVOCATION OF PROBATION — FELONY (STRUCTURED SENTENCING) (For Revocation Hearings On Or After Dec. 1, 2011)," the trial court found:  (1) the violation report was incorporated by reference; (2) a hearing was held and, "by the evidence presented, the [c]ourt is reasonably satisfied in

its discretion that [D]efendant violated each of the conditions of [D]efendant's probation as set forth below[;]" (3) Defendant violated paragraphs "1-3 of the Violation Report or Notice dated 3/5/2013[;]" and (4) the court had the authority to revoke Defendant's probation under the JRA "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343 (b)(1), . . . as set out above." These findings are more than adequate to support revocation of Defendant's probation pursuant to sections 15A-1343(b)(1) and 15A-1344(a). *State v. Henderson*, 179 N.C. App. 191, 197, 632 S.E.2d 818, 822 (2006) (holding findings of fact on a pre-printed form were sufficient to support probation revocation). Accordingly, the judgment revoking Defendant's probation and activating his sentence is

AFFIRMED.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).