An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-24

Filed 3 December 2025

New Hanover County, No. 23CR432121-640

STATE OF NORTH CAROLINA

v.

ERVIN TONY BRYANT, Defendant.

Appeal by Defendant from judgment entered 6 June 2024 by Judge Richard Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Dilcy Burton, for the State.*
>
> *Cooper Strickland for defendant-appellant.*

STADING, Judge.

Ervin Tony Bryant ("Defendant") appeals from final judgment revoking his probation and activating his suspended sentence. Defendant contends the trial court abused its discretion and argues he received ineffective assistance of counsel ("IAC"). After careful consideration, we affirm the trial court's judgment and dismiss Defendant's IAC claim with prejudice.

## I. Background

On 2 November 2023, Defendant pled guilty to possession of methamphetamine. Under the plea arrangement, the State agreed to not prosecute Defendant as an habitual felon, his 8–19 months sentence was suspended, and he was placed on supervised community probation for a term of twelve months. Additionally, the plea arrangement required Defendant to complete the Treatment Accountability for Safer Communities ("TASC") program and submit to frequent drug screens and warrantless searches.

Six months later, on 4 April 2024, a New Hanover County magistrate issued an arrest warrant for Defendant alleging he had "unlawfully and willfully" defrauded a drug screen "by bring (sic) a clear plastic of unknown liquid, which [Defendant] attempted to submit as his own urine." The next day, a probation violation report was filed against Defendant. The probation violation report alleged: Defendant tested positive for methamphetamine on 9 November 2023, 27 November 2023, and 28 December 2023; Defendant tested positive for cocaine on 27 November 2023; Defendant failed to pay any amount due for court costs; and, on 4 April 2024, Defendant committed a new criminal offense—defrauding a drug screen.

On 6 June 2024, Defendant pled guilty in district court for defrauding a drug screen, a Class 1 misdemeanor under N.C. Gen. Stat. § 14-401.20 (2023). The district court imposed a twelve-day sentence, which was suspended for twelve months of supervised probation. That same day, the superior court held a probation revocation

hearing. At the revocation hearing, Defendant admitted to the willfulness of the probation violations as alleged in the 5 April 2024 probation violation report.

In response to the State's request for revocation, Defendant's counsel noted a connection between Defendant's substance abuse addiction and defrauding a drug screen. His defense counsel additionally requested the trial court to consider allowing Defendant to undergo substance abuse treatment with the Drug and Alcohol Recovery Treatment Center ("DART Center") rather than activating his sentence. In support, Defendant's counsel highlighted Defendant's ability to have periods of sobriety, and the fact Defendant recently provided a negative drug screen; informed the court Defendant is an older gentleman with a variety of health issues, and he has family in Rutherford County; and that Defendant believed living close to his family and away from his current setting would help him overcome his substance abuse challenges.

After hearing both arguments, the trial court announced:

> The Court finds violations were willful, without valid excuse, and occurred at a time prior to the expiration of the period of probation. The Court is authorized to revoke the defendant's probation for the willful violation of the condition that he not commit any new criminal offense. The Court finds that continuation, modification, special probation, and criminal contempt would not be appropriate.
>
> Mr. Bryant is a Level 6 for punishment purposes. As part of the plea, the State agreed not to pursue the habitual felon indictment and so he's got a lengthy history. He avoided a long jail sentence in terms of the plea, and if he's

> trying to defraud drug screens right out of the gate, I don't
> believe he's a good candidate for probation.

The trial court revoked Defendant's probation for the willful violation of the condition requiring he not commit any new criminal offense. The trial court activated Defendant's suspended sentence of 8–19 months, recommended Defendant for substance abuse treatment during his period of incarceration, and recommended Defendant for work release. Defendant timely appealed the revocation of his probation.

## II. Jurisdiction

Defendant appeals from a final judgment revoking probation pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1347(a) (2023) ("When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation . . . the defendant may appeal under G.S. 7A-27.").

## III. Analysis

Defendant first argues the trial court abused its discretion when it revoked Defendant's probation. Specifically, Defendant maintains the trial court abused its discretion by revoking his probation based on defrauding a drug screen alone because the trial court failed to "meaningfully consider[ ] alternatives." Second, Defendant argues he received ineffective assistance of counsel ("IAC") because his counsel "failed to address the State's apparent failure to ensure that his substance abuse was treated during his term of probation." For the following reasons, we affirm the trial court's

revocation of Defendant's probation and dismiss Defendant's IAC claim with prejudice.

## A. Probation Revocation

We first address whether the trial court abused its discretion when it revoked Defendant's probation based on the new charge of defrauding a drug screen. Defendant maintains the trial court could not meaningfully consider alternatives to revocation without evidence of him receiving community-based substance abuse treatment, and that there is no evidence the State performed its duty to "aid and encourage" Defendant during his treatment according to DPS Policy Manual Ch. C, § .0101(a), (c)(3). We disagree.

"Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime." *State v. Murchison*, 367 N.C. 461, 463, 758 S.E.2d 356, 358 (2014) (cleaned up). "When a defendant's probation is revoked, 'the sentence [the defendant] may be required to serve is the punishment for the crime of which he had previously been found guilty.'" *Id.* (brackets in original) (citing *State v. Hewett*, 270 N.C. 348, 352, 154 S.E.2d 476, 479 (1967)). The trial court "'may only revoke probation for a violation of a condition of probation' including committing a 'criminal offense in any jurisdiction' . . . if the defendant is placed on supervised probation." *State v. Mills*, 270 N.C. App. 130, 133, 840 S.E.2d 293, 295 (2020) (quoting N.C. Gen. Stat. §§ 15A-1344(a); 15A-1343(b)(1), (b)(3a) (2017)).

"The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *State v. Jones*, 225 N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013) (citation omitted). An abuse of discretion occurs when a ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (citation omitted). Due to the informal nature of a probation revocation proceeding, "[a]ll that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation . . . ." *Hewett*, 270 N.C. at 353, 154 S.E.2d at 480. "The burden of proof rests upon the State to show a defendant willfully violated his probation conditions." *State v. Johnson*, 246 N.C. App. 132, 135, 782 S.E.2d 549, 552 (2016).

A trial court's authority to revoke probation is not unlimited—the Justice Reinvestment Act of 2011 (the "JRA") "place[s] limits on the court's authority to revoke probation for violations occurring on or after 1 December 2011." *State v. Nolen*, 228 N.C. App. 203, 204–05, 743 S.E.2d 729, 730 (2013). Regular conditions of probation are set forth in N.C. Gen. Stat. § 15A-1343 (2023) and apply to a defendant on supervised probation "unless the presiding judge specifically exempts the defendant from one or more of the conditions[.]" Under the JRA

for probation violations occurring on or after 1 December

> 2011, the JRA limited trial courts' authority to revoke
> probation to those circumstances in which the probationer:
> (1) commits a new crime in violation of N.C. Gen. Stat. §
> 15A-1343(b)(1); (2) absconds supervision in violation of
> N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any
> condition of probation after serving two prior periods of
> [confinement in response to violations] under N.C. Gen.
> Stat. § 15A-1344(d2).

*Id.* at 205, 743 S.E.2d at 730. That said, the trial court did not exempt Defendant

from the regular condition of probation that "a defendant must: (1) Commit no

criminal offense in any jurisdiction." N.C. Gen. Stat. § 15A-1343(b)(1).

Yet, despite Defendant's urging, the presence of a condition imposed pursuant

to subsection 1343(b1), does not vitiate the requirements of supervised probation

under subsection 1343(b). *See, e.g., State v. Monroe*, 83 N.C. App. 143, 145, 349 S.E.2d

315, 317 (1986) (citations omitted) ("All that is required in revoking a suspended

sentence is evidence which reasonably satisfies the judge in the use of his sound

discretion that a condition of probation has been willfully violated."). The trial court

has authority to revoke probation where a probationer violates subsection 1343(b)(1):

> (a) Authority to Alter or Revoke. — Except as provided in
> subsection (a1) or (b), probation may be reduced,
> terminated, continued, extended, modified, or revoked by
> any judge entitled to sit in the court which imposed
> probation and who is resident or presiding in the district
> court district as defined in G.S. 7A-133 or superior court
> district or set of districts as defined in G.S. 7A-41.1, as the
> case may be, where the sentence of probation was imposed,
> where the probationer violates probation, or where the
> probationer resides. Upon a finding that an offender
> sentenced to community punishment under Article 81B
> has violated one or more conditions of probation, the court's

authority to modify the probation judgment includes the authority to require the offender to comply with conditions of probation that would otherwise make the sentence an intermediate punishment. *The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2).* Imprisonment may be imposed pursuant to G.S. 15A-1344(d2) for a violation of a requirement other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a). The district attorney of the prosecutorial district as defined in G.S. 7A-60 in which probation was imposed must be given reasonable notice of any hearing to affect probation substantially.

N.C. Gen. Stat. § 15A-1344(a) (2023) (emphasis added).

Here, Defendant cites N.C. Gen. Stat. § 15A-1343(b)(15) and argues "a trial court *may not* revoke probation for technical violations, including using 'any illegal drug or controlled substance.'" But Defendant's probation was not revoked for a technical violation such as using a controlled substance, it was revoked for the commission of a new criminal offense—defrauding a drug screening test under N.C. Gen. Stat. § 14-401.20 (2023). Defendant pled guilty to the new criminal offense in district court. He subsequently waived the probation violation hearing in superior court and admitted willfully violating the conditions of his probation by committing the criminal offense of defrauding a drug screen. *See* N.C. Gen. Stat. § 15A-1343(b)(1) (2023). Defendant's admission and the contents of the probation violation report were admitted into evidence during the revocation hearing:

> [The State]: Your Honor, in the matter of [Defendant], there's one violation report. It's dated April 4th of '24, [and] contains three paragraphs:

The first alleges that on November 9th, November 27th, and December 28th of 2023, [Defendant] tested positive for methamphetamines, and on November 27th, he tested positive for cocaine.

Paragraph two alleges he's paid zero dollars toward court indebtedness and has a balance of $203.

Paragraph three alleges that on April 4th of 2024, in New Hanover County he committed the criminal offense of defrauding a drug screen. That was the matter of a case here in New Hanover County. Today he was convicted of the same and placed on supervised probation.

[Defense counsel], does your client waive a formal reading of the violation report and admit to the willfulness of the violation contained?

[Defense Counsel]: That is correct.

This evidence sufficiently establishes Defendant's violation of subsection 1343(b)(1). The trial court therefore did not abuse its discretion in revoking Defendant's probation and activating his suspended sentence. *Id.*

## B.    Ineffective Assistance of Counsel

Defendant last argues he received IAC because his trial counsel "failed to address the State's apparent failure to ensure that his substance abuse was treated" during probation. As already discerned in section A, whether Defendant was subject to the additional, special condition of probation imposed under subsection 1343(b1), the substance abuse program, is wholly irrelevant to Defendant's violation of his regular probation condition under subsection 1343(b)(1). For the reasons below, we

hold the record is adequately developed to discern Defendant's IAC contention and overrule Defendant's argument on this issue.

Whether a defendant received IAC at trial is a question of law reviewable de novo. *State v. Parker*, 290 N.C. App. 650, 653, 893 S.E.2d 544, 547 (2023). "To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen,* 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006).

Deficient performance by counsel "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness." *Allen,* 360 N.C. at 316, 626 S.E.2d at 286 (citations and quotations omitted). Whether counsel's performance prejudiced the defense "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In proving prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). "[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding." *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001). However, "IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *Id.*

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. "[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

Here, the trial court's consideration of whether Defendant complied with the TASC program or receiving treatment for substance abuse was irrelevant since it had its own separate ground to revoke Defendant's probation for committing a new

- 11 -

criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1). Defendant cannot show there is a reasonable probability that, but for his counsel's lack of silence on his substance abuse treatment, the result of the proceeding would have been different since the trial court had statutory authority to revoke probation pursuant to N.C. Gen. Stat. §§ 15A-1343(b)(1); 1344(a). Defendant was not prejudiced by this alleged error. *See Allen*, 360 N.C. at 316, 626 S.E.2d at 286. Accordingly, Defendant's IAC claim is meritless and is therefore dismissed with prejudice. *Fair*, 354 N.C. at 167, 557 S.E.2d at 525.

## IV. Conclusion

For these reasons, the trial court did not abuse its discretion when revoking Defendant's probation for the commitment of a new criminal offense. Accordingly, we affirm the judgment of the trial court. Further, since Defendant was not prejudiced by his trial counsel's failure to argue for an irrelevant position, Defendant cannot establish prejudice in support of his IAC claim. We therefore dismiss his IAC claim with prejudice.

AFFIRMED IN PART; DISMISSED IN PART.

Judges TYSON and CARPENTER concur.

Report per Rule 30(e).