IN THE SUPREME COURT OF NORTH CAROLINA

No. 232PA13

FILED 12 JUNE 2014

STATE OF NORTH CAROLINA

   v.

BRUCE TYLER MURCHISON


On discretionary review pursuant to N.C.G.S. ' 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 741 S.E.2d 927 (2013), reversing judgments entered on 8 August 2012 by Judge James M. Webb in Superior Court, Moore County. Heard in the Supreme Court on 18 February 2014.

> *Roy Cooper, Attorney General, by Kimberly N. Callahan, Assistant Attorney General, for the State-appellant.*

> *William B. Gibson for defendant-appellee.*


MARTIN, Justice.

While on probation, defendant was indicted for first-degree burglary, first-degree kidnapping, and assault with a deadly weapon. At the resulting hearing, the trial court revoked his probation. The Court of Appeals held, and defendant argues, that the trial court abused its discretion by basing the revocation upon hearsay evidence. The trial court was permitted under statute to consider hearsay evidence in the revocation hearing. Because we conclude that the trial court reasonably

exercised its discretion in revoking defendant's probation and activating his previously earned sentence, we reverse the decision of the Court of Appeals.

On 26 October 2011, defendant pled guilty to two counts of assault with a deadly weapon with intent to kill (offense date 30 September 2010), assault with a deadly weapon (offense date 13 May 2011), and possession with intent to sell or deliver marijuana (offense date 22 September 2010). Defendant was on probation when he committed these offenses. He received sentences of twenty-four to thirty-eight months of imprisonment for each count of assault with a deadly weapon with intent to kill and six to eight months of imprisonment for the remaining convictions. The trial court suspended these sentences and placed defendant on supervised probation for sixty months.

On 2 February and 13 February 2012, defendant's probation officer, Leslie Tyree, filed reports alleging defendant had violated numerous conditions of his probation by, among other things, committing assault with a deadly weapon on 1 February 2012, missing curfews, and failing to attend counseling for his drug and anger problems. Finding defendant in violation of the conditions of his probation, the trial court modified his probation, imposing an active term of ninety days of imprisonment.

Defendant was released from the ninety-day term of imprisonment on 21 May 2012 to continue his term of probation. On 21 June 2012, Officer Tyree filed

violation reports alleging defendant had been charged on 17 June 2012 with first-degree burglary, first-degree kidnapping, and assault with a deadly weapon. The matter was heard in Superior Court, Moore County, on 8 August 2012. Officer Tyree testified over objection that defendant's mother had called her and reported that defendant had "broke[n] into her house and held her and his girlfriend in a closet, and he had knives." Officer Tyree further testified that she believed defendant would kill somebody if allowed to remain on probation. The State also introduced a computer printout from the Administrative Office of the Courts indicating that defendant had been indicted for first-degree burglary in Lee County and that the case was set for the week of 6 August 2012. The trial court found that defendant unlawfully, willfully, and without legal justification had violated conditions of his probation by committing one or more subsequent offenses, as alleged in the violation reports. Accordingly, the trial court revoked defendant's probation and activated his suspended sentences.

Defendant appealed, arguing that the trial court erred in revoking his probation because the State failed to produce any evidence other than hearsay in support of the revocation. The Court of Appeals reversed the trial court, holding that "the evidence presented at the revocation hearing was not competent so 'as to *reasonably* satisfy the judge in the exercise of his sound discretion that the defendant ha[d] willfully violated a valid condition of probation.'" *State v. Murchison*, ___ N.C. App. ___, 741 S.E.2d 927, 2013 WL 1899615, at *4 (2013)

(unpublished) (alteration in original) (citation omitted). We allowed the State's petition for discretionary review.

"Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime." *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967) (citing *Escoe v. Zerbst*, 295 U.S. 490, 492, 55 S. Ct. 818, 819 (1935)). When a defendant's probation is revoked, "the sentence [the defendant] may be required to serve is the punishment for the crime of which he had previously been found guilty." *State v. Hewett*, 270 N.C. 348, 352, 154 S.E.2d 476, 479 (1967).

The Supreme Court of the United States has observed that revocation of probation " 'deprives an individual . . . only of the conditional liberty' " dependent on the conditions of probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S. Ct. 1756, 1759 (1973) (citation omitted), *superseded by statute*, Parole Commission and Reorganization Act, Pub. L. No. 94-233, 90 Stat. 228 (1976). A probation revocation proceeding is not a formal criminal prosecution, and probationers thus have "more limited due process right[s]." *Id.* at 789, 93 S. Ct. at 1763. Consistent with this reasoning, we have stated that "[a] proceeding to revoke probation is not a criminal prosecution" and is "often regarded as informal or summary." *Hewett*, 270 N.C. at 353, 154 S.E.2d at 479. Thus, "the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." *Duncan*, 270 N.C. at 245, 154 S.E.2d at 57 (citations omitted). Instead, "[a]ll that is required in a hearing of this

character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *Hewett*, 270 N.C. at 353, 154 S.E.2d at 480. Accordingly, the decision of the trial court is reviewed for abuse of discretion. *See State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 ("[Abuse of discretion] occurs when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." (citations and internal quotation marks omitted)). The State argues that because the formal rules of evidence do not apply in probation revocation proceedings, the Court of Appeals erred in finding abuse of discretion. We agree.

Both the Criminal Procedure Act and the Evidence Code address the issue before this Court. The Criminal Procedure Act states that "[f]ormal rules of evidence do not apply" in probation revocation hearings. N.C.G.S. § 15A-1345(e) (2013). Similarly, our Rules of Evidence, other than those concerning privileges, do not apply in proceedings for "sentencing, or granting or revoking probation." *Id.* § 8C-1, Rule 1101(b)(3) (2013); *see also id.* Rule 101 (2013).

Our precedent applying Rule of Evidence 1101(b)(3) to sentencing proceedings is instructive. In *State v. Carroll* the defendant argued that the trial court erred by allowing a jury to consider and find an aggravating factor that was based solely on inadmissible hearsay. 356 N.C. 526, 545, 573 S.E.2d 899, 912

(2002), *cert. denied*, 539 U.S. 949, 123 S. Ct. 2624 (2003). The trial court admitted, among other things, testimony that a judgment from Florida showed the defendant had a prior violent felony conviction and that the fingerprints in the Florida file matched the copy of the defendant's fingerprints in a Cumberland County file. *Id.* at 545-46, 573 S.E.2d at 912. Noting that the Rules of Evidence do not apply in capital sentencing proceedings, we concluded that the hearsay evidence was "reliable evidence relevant to the State's duty to prove its aggravating circumstances" and was properly admitted. *Id.* at 547, 573 S.E.2d at 913.

Similarly, in *State v. Thomas* the defendant argued the trial court erred in his sentencing proceeding by admitting the testimony of a detective who reported the statements of a robbery victim to prove an aggravating factor. 350 N.C. 315, 358-59, 514 S.E.2d 486, 512-13, *cert. denied*, 528 U.S. 1006, 120 S. Ct. 503 (1999). Citing Rule of Evidence 1101(b)(3), we wrote, "We have repeatedly stated that the Rules of Evidence do not apply in capital sentencing proceedings. Therefore, a trial court has great discretion to admit any evidence relevant to sentencing." *Id.* at 359, 514 S.E.2d at 513 (citations omitted).

As in *Carroll* and *Thomas*, the trial court in this case had "great discretion to admit any evidence relevant to" the revocation of defendant's probation. *Id.* The trial court exercised this discretion when it admitted Officer Tyree's testimony reporting the statements of defendant's mother that defendant had broken into her

home and threatened defendant's girlfriend and her with a knife. The trial court also exercised its discretion when it admitted the computer printout from the Administrative Office of the Courts showing that defendant had been indicted for first-degree burglary in Lee County, with the case calendared for that very week.

This hearsay evidence was relevant for determining whether defendant had violated a condition of his probation by committing a criminal offense. *See* N.C.G.S. § 15A-1343(b)(1) (2013). Because the proceeding was a probation revocation hearing, the trial court was not bound by the formal rules of evidence and acted within its discretion when it admitted the hearsay evidence. *Id.* §§ 8C-1, Rule 1101(b)(3), 15A-1345(e). Given the statements of defendant's mother, the document indicating defendant had been indicted for first-degree burglary, defendant's demonstrated propensity for violence, and Officer Tyree's concern that defendant would kill somebody if allowed to remain on probation, we cannot say that the trial court abused its discretion in revoking defendant's probation and activating his suspended sentence. *See Hewett*, 270 N.C. at 353, 154 S.E.2d at 480.

Our General Assembly has declared that the primary purposes of criminal sentencing are to punish the offender fairly, to protect the public, to rehabilitate the offender, and to deter criminal behavior. N.C.G.S. § 15A-1340.12 (2013). The discretion afforded to trial courts in probation hearings is a significant means to ensure that these purposes are achieved. The evidence before the trial court

allowed the reasonable conclusion that defendant had continued a course of criminal action and posed a danger to the public.  The trial court was therefore justified in activating his suspended sentence.  We reverse the decision of the Court of Appeals.

REVERSED.