An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-372

Filed: 20 October 2015

Moore County, No. 14CRS050248

STATE OF NORTH CAROLINA

v.

COTEY LEE DUNLAP

Appeal by Defendant from judgments entered 9 December 2014 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 12 October 2015.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Victoria Voight, for the State.*

*Michelle FormyDuval Lynch, for the Defendant.*

DILLON, Judge.

Defendant appeals from judgments revoking his probation and activating two sentences of five to fifteen months imposed upon convictions of felony breaking or entering and larceny after breaking or entering. We affirm.

On 3 September 2014, the court placed Defendant on supervised probation for a period of thirty-six months following entry of guilty pleas to the offenses.

Two months later, Defendant's probation officer filed a violation report alleging that Defendant violated a condition of probation by committing a criminal offense on or about 3 October 2014, namely the offenses of felony breaking and/or entering and larceny after breaking and/or entering.

At the probation violation hearing, Defendant's probation officer testified that she was informed by a law enforcement officer that Defendant had stolen a gas can from a residence at an unknown address on 3 October 2014.

The officer testified that on 3 October 2014, he received a call for service in reference to a larceny in progress in the area of Hemp Street Extension. The caller related that he saw Defendant and another person whom he knew by the name of "Aaron" leave a pickup truck on the side of the road, walk across the street to a residence and take a gas can, return to the truck and pour gas into the truck, leave the can beside an abandoned residence, and leave. The officer testified that the caller was a Mr. Rush who resided on the Hemp Street Extension; that the location where the truck broke down was 899 Hemp Street Extension; and that the location where Defendant took the gas can was 852 Hemp Street Extension.

The officer drove to the area to investigate. As he turned onto Hemp Street, he observed a vehicle matching the description given by the caller. The officer executed a vehicle stop almost directly in front of 852 Hemp Street Extension and spoke with the occupants of the vehicle, Defendant and another person subsequently

identified as Aaron Sutton. Defendant and Sutton stated that they had run out of gas. The officer looked in the bed of the pickup truck and saw a gas can, which was empty. The officer talked to Mr. Rush again in the driveway of the residence. Mr. Rush acknowledged the presence of the gas can in the truck bed but Mr. Rush insisted that Defendant and Sutton had walked over to the residence at 852 Hemp Street Extension, removed a gas can, and then left the gas can beside an abandoned building. The officer found a gas can beside an abandoned residence at 899 Hemp Street Extension. The officer also determined that it was possible to see both 852 Hemp Street Extension and 899 Hemp Street Extension from Mr. Rush's residence.

The officer subsequently contacted Sergio Rodriquez, who resided at 852 Hemp Street Extension, by telephone. Through an interpreter, Mr. Rodriquez told the officer that he had a gas can inside a building at his residence. The officer checked inside the building, which was a one-car garage, and could not locate a gas can. Mr. Rodriguez stated that he had seen the gas can, which was a partially full five-gallon container, in the building on the previous day.

The officer also spoke with Mr. Rush's mother, who stated that she and her son were inside their residence observing what was happening with the pickup truck.

Defendant's grandfather testified that he owned the truck; that he gave the truck to Defendant to use; that the gas meter on the truck does not operate properly; that the truck sometimes runs out of gas unexpectedly; that he kept a gas can with

the truck; and that he instructed Defendant to keep some gas in the truck so that if the truck ran out of gas, Defendant could make it to a store. When he was called to come and get his truck that day, his gas can was in the back of the truck.

After hearing the testimony, the court found that Defendant violated the terms and conditions of his probation by committing a criminal offense subsequent to his placement on probation.

Defendant contends that the court erred in revoking his probation because he was not convicted of the offenses and the only evidence of commission of the offenses was unreliable hearsay, as the testimony of the officer concerning commission of the offenses was based largely upon what he had been told by non-testifying declarants. However, we are compelled by our Supreme Court's decision in *State v. Murchison,* 367 N.C. 461, 758 S.E.2d 356 (2014), to reject Defendant's argument.

In the context of a probation revocation, all that is required is that "the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation[,]" *see State v. Hewett,* 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967), subject to the constraints of the Justice Reinvestment Act of 2011, *see* N.C. Gen. Stat. § 15A-1344 (2014) (allowing for probation revocation where a defendant has committed another criminal offense). Formal rules of evidence do not apply in probation revocation hearings. *See id.* § 15A-1345(e).

In *Murchison*, our Supreme Court held that "hearsay evidence [may be] relevant for determining whether [a] defendant had violated a condition of his probation by committing a criminal offense." 367 N.C. at 465, 758 S.E.2d at 359. The court also upheld the defendant's probation revocation where the trial court was presented with a mix of hearsay and circumstantial evidence that the defendant had violated his probation by committing a criminal offense. *Id.* In the present case, the trial court also was presented with a mix of hearsay and circumstantial evidence that Defendant had violated his probation by committing a criminal offense. Accordingly, we cannot find that the trial abused its discretion by revoking Defendant's probation.

AFFIRMED.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).