IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-132

No. COA21-440

Filed 1 March 2022

Wayne County, No. 03 CRS 790

STATE OF NORTH CAROLINA

v.

KEVIN GRAHAM, Defendant.

Appeal by defendant from judgment entered 6 April 2021 by Judge Paul L. Jones in Wayne County Superior Court. Heard in the Court of Appeals 16 November 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Benjamin Szany, for State-appellant.*

*Jason Christopher Yoder for defendant-appellee.*

GORE, Judge.

Defendant Kevin Graham appeals from a judgment revoking his probation. On appeal, defendant argues that the trial court erred by revoking his probation on the basis of pending charges and unpaid court costs. For the following reasons, we reverse the trial court's judgment.

On 10 November 2005, defendant pled guilty to second-degree murder and possession of a firearm by a convicted felon. Defendant was sentenced to active terms of 176-221 months imprisonment for the second-degree murder charge and 16-20

months imprisonment for the possession of a firearm by a convicted felon charge. Defendant's active sentence for possession of a firearm by a convicted felon was suspended for 36 months of supervised probation, to commence after he was released from prison following his active sentence for second-degree murder. Defendant was released from prison on 12 August 2019.

¶ 3    On 23 February 2021, the State filed a Violation Report alleging defendant violated his probation by failing to pay the full monetary judgment entered against him and because he was arrested and charged with possession of a firearm by a felon on 11 February 2021. Following a hearing, the trial court found defendant committed a crime and revoked defendant's probation on 6 April 2021. Defendant entered written notice of appeal on 15 April 2021 and gave oral notice of appeal in open court on 16 April 2021. Defendant filed a Petition for Writ of Certiorari to correct errors within his oral and written notice of appeal. In our discretion we grant defendant's petition.

¶ 4    Defendant argues the trial court erred when it revoked his probation based on pending charges and unpaid court costs. The State concedes that defendant's failure to pay full court costs may not serve as grounds for revocation of probation. Thus, we only discuss the trial court's revocation of defendant's probation based on pending criminal charges.

Under the Justice Reinvestment Act a trial court may only revoke probation if (1) the probationer commits a criminal offense in any jurisdiction, (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a), or (3) violates any condition of probation after serving two prior periods of confinement in response to violations ("CRV") under N.C. Gen. Stat. § 15A-1344(d1). N.C. Gen. Stat. § 15A-1344(a) (2020). Here, the parties agree that defendant did not abscond supervision nor did he serve two prior periods of CRV; thus, defendant could only have his probation revoked for committing a criminal offense.

A proceeding to revoke probation is not a criminal prosecution and is often regarded as informal or summary. *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967). Thus, "the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). Instead, "[a]ll that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation . . . ." *Hewett*, 270 N.C. at 353, 154 S.E.2d at 480. "Accordingly, the decision of the trial court is reviewed for abuse of discretion." *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (citation omitted). Abuse of discretion occurs when a ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the

result of a reasoned decision." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009), *cert. denied*, 559 U.S. 1052, 176 L. Ed. 2d 568 (2010).

¶ 7        In order to revoke a defendant's probation for committing a criminal offense there must be some form of evidence that a crime was committed. *See Murchison*, 367 N.C. at 465, 758 S.E.2d at 359 (holding the trial court did not err in relying on hearsay evidence that a crime had been committed to revoke the defendant's probation). In the case *sub judice*, the only evidence presented at the probation revocation hearing was the probation officer's Violation Report and testimony from the probation officer. This evidence only established that defendant was arrested for possession of a firearm by a felon. There was no evidence beyond the fact that defendant was arrested that tended to establish he committed a crime. Thus, we hold that the trial court abused its discretion in concluding a crime was committed and revoking defendant's probation.

        REVERSED.

        Judges DILLON and MURPHY concur.