IN THE SUPREME COURT OF NORTH CAROLINA

No. 105A22

Filed 16 June 2023

STATE OF NORTH CAROLINA

v.

CONNOR ORION BRADLEY

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 282 N.C. App. 292 (2022), affirming the judgments entered on 29 July 2020 by Judge James M. Webb in Superior Court, Moore County. Heard in the Supreme Court on 25 April 2023.

*Joshua H. Stein, Attorney General, by Robert C. Ennis, Assistant Attorney General, for the State-appellee.*

*Stephen G. Driggers for defendant-appellant.*

PER CURIAM.

In accordance with the highly deferential standard of review which governs an appellate court's consideration of a trial court's probation revocation determination and the relaxed evidentiary parameters which exist in probation revocation hearings, we affirm the Court of Appeals opinion per curiam. In related fashion, we further note that the out-of-court statements of the witness Amber Nicole Gooch[1] provided

---

[1] The Court of Appeals opinion refers to "Amanda Gooch" as a result of the use of that name by at least one witness who testified at defendant's probation revocation hearing. However, it appears to us that her name is, in fact, Amber Gooch.

additional competent evidence from which the trial court could have derived its findings of fact and subsequent conclusions of law. *See State v. Jones*, 382 N.C. 267, 272 (2022) (noting that the "[t]raditional rules of evidence do not apply in probation violation hearings, and the trial court is permitted to use 'substitutes for live testimony, including affidavits, depositions, [and] documentary evidence,' as well as hearsay evidence" (alteration in original) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n.5 (1973))); *see also State v. Murchison*, 367 N.C. 461, 464 (2014). We modify the Court of Appeals opinion only to the extent that the lower appellate court may have mistakenly misconstrued Gooch's statements as incompetent evidence upon which the trial court could not and did not rely in entering the trial court's findings. *See Bradley*, 282 N.C. App. at 303 n.3 (Hampson, J., dissenting).[2]

AFFIRMED AS MODIFIED.

---

[2] We acknowledge our receipt of a Motion for Judicial Notice filed by defense counsel on 20 April 2023, asking this Court to take judicial notice of the judgments entered against Gooch by the Superior Court, Moore County, on 19 March 2021. This Court can, of course, consider any determination that has been reached within the state judicial system to the extent that it is relevant to this Court's proceedings. We have considered these judgments to the extent that we have determined that they are relevant.