An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-708

Filed 18 June 2025

Caldwell County, Nos. 21CRS052409, 21CRS052410

STATE OF NORTH CAROLINA

v.

GREGORY WILLIAM BRYANT

Appeal by defendant from judgment entered 13 November 2023 by Judge Donald Ray Cureton in Caldwell County Superior Court. Heard in the Court of Appeals 21 May 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Dorian A. Woolaston, for the State.*

> *Cooper Strickland, for the defendant-appellant.*

TYSON, Judge.

Gregory William Bryant ("Defendant") appeals from and filed a petition for writ of *certiorari* to review a judgment revoking his probation and activating his suspended sentence. We vacate and remand.

## I. Background

Defendant was indicted on two counts of Possession of a Firearm by a Felon on

28 February 2022. On 11 April 2022 Defendant's attorney moved for appointment of a local forensic evaluator and asserted Defendant had previously suffered a traumatic brain injury. The evaluator asserted Defendant was incapable of proceeding to trial and further capacity assessment was needed. The trial court ordered Defendant to present to Central Regional Hospital for an examination on capacity. Defendant was examined by Nicole Wolfe, M.D., on 26 August 2022. Dr. Wolfe opined Defendant's purported lack of accurate knowledge on legal issues was volitional and selective. Dr. Wolfe concluded Defendant was capable of proceeding to trial.

Defendant pleaded no contest to two counts of Possession of a Firearm by a Felon on 24 April 2023. Defendant was sentenced as a prior record level IV offender with 13 prior record level points to an active sentence of 15 to 27 months, which was suspended for a supervised probation term of 24 months, completion of 60 hours of community service, and for him to obtain and comply with a mental health evaluation.

On 1 August 2023, while on probation, Defendant allegedly committed the criminal offense of misdemeanor second-degree trespass. On 13 September 2023, Defendant refused to allow the probation officer to enter his residence. Defendant was ordered by the probation officer to present himself at the probation office the following day. Defendant called his probation officer, purportedly stated he was not a felon, he possessed an assault rifle, was done with probation, and made indirect threats to the officer. Defendant failed to report to the probation office as instructed.

The State filed two probation violations on 19 September 2023. The first violation report alleged Defendant had violated the terms of his probation by possessing a firearm and other deadly weapons, which were found during a search with a warrant of Defendant's premises on 19 September 2023. The second violation report alleged Defendant had violated the conditions of probation by: committing a criminal offense; failing to permit the officer to visit at a reasonable time; and failing to report as directed by the supervising officer at a reasonable time and place. Defendant filed a waiver and acknowledgement of probation violation on 20 September 2023.

The trial court conducted a probation violation hearing, wherein the probation officer testified about the weapons discovered at Defendant's residence. The matter was continued until 13 November 2023 to allow Defendant to take a local forensic evaluation to assure he was aware and able to participate before continuing. Defendant was not re-evaluated prior to the hearing as he felt it was not needed for the hearing to proceed.

The hearing continued before the court on 13 November 2023. Defendant expressed his desire to have his probation revoked and sentence activated. After conversing with Defendant, the trial court, in its discretion, did not order Defendant to be evaluated further. The trial court revoked his probation based on the information presented at the hearing and activated Defendant's sentence. Defendant appeals.

## II.    Jurisdiction

Defendant acknowledges he failed to give proper notice of appeal from the judgment entered from his probation revocation hearing, which makes his notice of appeal deficient. *See* N.C. R. App. P. 4(a). Defendant requests this Court issue its writ of *certiorari* to allow an appeal to review the trial court's activation of his suspended sentence. He asserts error and prejudice in the trial court's ruling.

A writ of *certiorari* may be issued in "appropriate circumstances" to permit review of an otherwise defective appeal. N.C. R. App. P. 21(a)(1). "*Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), and "[a] petition for [certiorari] must show merit or that error was probably committed below." *Id.* Otherwise, the petition should be denied. *State v. Ricks*, 378 N.C. 737, 741, 862 S.E.2d 835, 838-39 (2021); *State v. Rouson*, 226 N.C. App. 562, 567, 741 S.E.2d 470, 473 (2013).

The purported absence of jurisdiction may be raised at any time, including for the first time on appeal. *State v. Frink*, 177 N.C. App. 144, 147, 627 S.E.2d 472, 473 (2006) (An "issue of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal."). In the exercise of our discretion, we grant Defendant's petition for writ of *certiorari* to review the trial court's ruling for error.

## III.    Issues

Defendant argues the trial court lacked subject matter jurisdiction and otherwise asserts no lawful basis exists to revoke his probation.

## IV.    Standard of Review

This Court reviews the trial court's decision to revoke probation for abuse of discretion. *State v. Murchison*, 367 N.C. 464, 758 S.E.2d 356, 358 (2014). The trial court's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion. *Id.*

## V.    Revoking Defendant's Probation

Defendant argues the trial court lacked subject matter jurisdiction to revoke his probation. The trial court divisions possess jurisdiction to hold and hear probation violation reports within their stated statutory jurisdictions. *See* N.C. Gen. Stat. § 15A-1344(b) (2023). "Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings." N.C. Gen. Stat. § 15A-1345(e) (2023).

"Formal rules of evidence do not apply at [a probation] hearing." N.C. Gen. Stat. § 15A-1345(d). "A probation revocation proceeding is not a formal criminal prosecution, and probationers . . . have more limited due process rights." *Murchison,* 367 N.C. at 464, 758 S.E.2d at 358 (quotation marks and alterations omitted). "A hearing to revoke a defendant's probationary sentence only requires" the evidence presented to "reasonably satisfy the judge in the exercise of his sound discretion" the defendant has "willfully violated a valid condition" of probation or the defendant has violated without lawful excuse a valid condition upon which the sentence was

suspended. *State v. Jones*, 225 N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013) (citation and quotation marks omitted).

The State must carry the initial burden of presenting competent evidence to establish Defendant's willful failure to comply with the terms of the probation, which, if met, shifts the burden to the defendant to provide competent evidence of his inability to comply with said terms. *State v. Talbert,* 221 N.C. App. 650, 652, 727 S.E.2d 908, 910-11 (2012) (citation omitted).

The 19 September 2023 search found a .44 caliber black powder revolver, 1 compound bow, 1 crossbow, a Ruger pellet air rifle, a Crossman AR style BB rifle, 8 broadhead arrows, a 26.5-inch bladed sword, and 3 fully loaded black powder revolver cylinders. The State did not argue this possession by Defendant was a revokable criminal offense, but asserted his possession of these items were technical violations of Defendant's probation.

Defendant asserts the firearm found during the search, a .44 caliber black powder revolver, classifies as an "antique firearm" which is an exemption to the felon in possession statute 14-415.1(a). *See* N.C. Gen. Stat § 14-409.11 (2023) ("The term 'antique firearm' means any of the following: (1) Any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured on or before 1898. (2) Any replica of any firearm described in subdivision (1) of this subsection if the replica is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition. (3) Any muzzle loading rifle,

muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder substitute, and which cannot use fixed ammunition.").

Defendant's possession of an exempted antique firearm, BB and pellet rifles, and the State's failure to assert a claim this possession constituted a criminal offense does not provide a sufficient basis for revocation under N.C. Gen. Stat. § 15A-1344(a) (2023).

The parties agree Defendant did not abscond supervision nor did he serve two prior periods of confinement in response to a violation report. Defendant's probation may be revoked for absconding or committing a new criminal offense. N.C. Gen. Stat. § 15A-1344(a)(1) (2023). Defendant asserts the trial court did not have the jurisdiction to revoke his probation on either ground and further argues the State failed to provide competent evidence showing Defendant had committed a criminal offense while he was under probation supervision.

To revoke a defendant's probation for committing a criminal offense, the State must present evidence that a crime was committed. *State v. Graham,* 282 N.C. App. 158, 160, 869 S.E.2d 776, 778 (2022) (concluding that "[t]here was no evidence beyond the fact that defendant was arrested that tended to establish he committed a crime.") A defendant only being charged with a criminal offense is insufficient to support a finding of a new criminal offense to revoke probation. *State v. Hancock*, 248 N.C. App. 744, 749, 789 S.E.2d 522, 526 (2016).

The evidence is sufficient when the trial court can independently find the

defendant had committed a new offense. *Id.* In *Graham,* the only evidence presented at the defendant's probation revocation hearing was the probation officer's violation report and testimony from the probation officer. *Graham,* 282 N.C. App. at 160, 869 S.E.2d at 778. No other evidence was offered by the State beyond the fact the Defendant had been arrested to establish a criminal offense, which this Court held was insufficient to show revocation was appropriate under section § 15A-1343(b)(1). *Id.:* N.C. Gen. Stat. § 15A-1343(b)(1) (2023).

The facts and record before us are analogous to *Graham*. The only evidence presented by the State to support the commission of a criminal offense by Defendant while under probation supervision was the second probation violation report of alleged second degree criminal trespass and Officer Galloway's testimony. Defendant also argues the State's concession during the 13 November 2023 hearing, to not proceed on the alleged new criminal offense of misdemeanor second degree trespass, clarifies the alleged criminal trespass could not support revoking Defendant's probation.

No evidence beyond the fact Defendant was arrested for that offense was presented or tended to establish he had committed a new crime. The trial court erred in concluding a new crime was committed and revoking Defendant's probation on that basis. The judgment activating Defendant's sentence is vacated and this cause is remanded for further proceedings. In light of our decision, we do not address Defendant's remaining arguments.

## VI.    Conclusion

The trial court erred in revoking Defendant's probationary sentence and activating his sentence.  The judgment of the trial court revoking Defendant's probation and activating his active sentence is vacated and this cause is remanded for further proceedings.  *It is so ordered.*

VACATED AND REMANDED.

Judges COLLINS and GRIFFIN concur.

Report per Rule 30(e).